IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Delano SMITH, AIS# 213612, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:06-CV-156-WHA |
| | )      (WO) |
| Kenneth JONES, Warden, *et. al.*, | ) |
| | ) |
| Respondents. | ) |

**ANSWER TO ORDER ISSUED FEBRUARY 24, 2006**

Come now the respondents in the above styled cause, by and through the

Attorney General of the State of Alabama, in response to this Court's order issued

on February 24, 2006, and answer Delano Smith's instant habeas corpus petition as

follows:

1. Smith is challenging his guilty plea conviction to capital murder. Smith

was sentenced to life without the possibility of parole. (Smith's pet. at 1-2; Ex. A,

p. 5-6; Ex. B, C. 5)

2. Smith raises the following claims in his federal habeas corpus petition:

    a. Counsel coerced him into pleading guilty to avoid the death

       penalty even though Smith told his attorney on numerous

occasions that he was not involved in the crime and wanted to
proceed to trial.  (Smith's pet. at 6.)

b.  Counsel provided ineffective assistance because, although he was
appointed, Smith's family also paid him an additional $4,700 for
his services, which constituted fraud, resulting in a conflict of
interest.  Counsel did not investigate Smith's alibi defense or
believe "[him] when [he] told [his attorney] [he] was innocent."
(Smith's pet. at 6.)  Counsel also convinced Smith's parents that if
he did not plead guilty, he would receive the death penalty due to
overwhelming evidence.  Smith contends, however, that the
evidence was not overwhelming because he did not participate in
the crime, and the police had three suspects in custody when he
was arrested.  (Smith's pet. at 6.)

c.  "[T]rial counsel was ineffective for withdrawing from
[Smith's] appeal. He did not file an Anders[1] brief
[a]nd he sabotaged [Smith's] right to receive a direct
appeal by failing to give the trial court notice of
[Smith's] intent to appeal.  And since the trial court
did not notify [Smith] that [he] could challenge [his]
counsel's withdrawal by showing meritorious issues
were present in [his] case [Smith] lost [his] right to
appeal."  (Smith's pet. at 6.)

---

[1] Anders v. California, 386 U.S. 738 (1967).

2

d. There was never a probable cause determination presented to a magistrate judge to justify Smith's arrest. "[Willie] Gardner was never shown to be a reliable informant in the past. And there was no tangible evidence presented to the magistrate [judge] to support the issuance of an arrest warrant." (Smith's pet. at 7.)

3. Smith's petition should be denied because it was filed outside the limitation period under Title 28 U.S.C. § 2244(d)(1)(A).

## Procedural History

### A. Trial and Direct Appeal

4. Smith pleaded guilty to capital murder, and a jury found that there was sufficient evidence to convict him of capital murder on or around September 22, 2003. (Ex. A, p. 5, 9)[2] The judgment was entered on September 22, 2003, and Smith was sentenced on that day to serve a term of life without the possibility of parole.[3] Smith did not directly appeal his conviction. (Ex. B, C. 6; Ex. E, p. 1)

### B. State Post-Conviction Petitions

---

[2] Under Alabama law, when a defendant pleads guilty to capital murder, "the state must in any event prove the defendant's guilt of the capital offense beyond a reasonable doubt to a jury." Ala. Code § 13A-5-42 (1994). The trial court and the Alabama Court of Criminal Appeals indicated that Smith pleaded guilty on September 15, 2003. (Ex. B, C. 20 Ex. E, p. 1)

[3] Smith also pleaded guilty to attempted murder and first-degree robbery and was sentenced to life in prison on those charges. (Ex. A, p 5-6) He does not, however, appear to challenging those convictions in his habeas petition.

5. Smith filed a state post-conviction petition on October 21, 2004. (Ex. B, C. 11)  He raised the following issues in his petition:

    a. Trial counsel coerced him into pleading guilty by placing him under duress because counsel told him that he would lose the case if it went to trial, and he would be executed. (Ex. B, C. 13-14)

    b. There was not sufficient probable cause to issue the arrest warrant. (Ex. B, C. 14)

    c. Trial counsel was ineffective because he charged his family $4,700 in addition to what the State paid him. (Ex. B, C. 15)

    d. Trial counsel was ineffective because counsel coerced him into pleading guilty. (Ex. B, C. 15)

    e. His attorney failed to investigate his alibi defense. (Ex. B, C. 15)

    f. Trial counsel "sabotaged his right to a trial by his peers." (Ex. B, C. 15)

    g. Counsel was ineffective for withdrawing from the appeal without first filing an Anders brief. (Ex. B, C. 15)

    h. Smith's failure to appeal was through no fault of his own because he informed the court that he wished to appeal, but on appeal:

> [Counsel] withdrew from [the] appeal.  But
> [counsel] failed to file the required Anders brief to
> support his motion to withdraw.  And the trial
> court failed to notify Smith and tell him that he

> could save his right to appeal by challenging his
> counsel's allegations that were alleged in the
> <u>Anders</u> brief.  (Ex. B, C. 15-16)

6. The State filed a response on November 16, 2004, and argued that Smith

failed to support his claims with specific facts and failed to meet his burden as

required under Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal

Procedure.  (Ex. B, C. 17-18)  The State also argued that Smith failed to provide

specific facts to support his ineffective assistance of counsel claims and did not

meet the burden of demonstrating ineffective assistance of counsel under

<u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  (Ex. B, C. 17-18)  Montgomery

County Circuit Court Judge Truman M. Hobbs, Jr. denied the petition on

November 17, 2004.  The judge stated:

1. Petitioner's allegation that his counsel, Joe Reed, Jr., was
   ineffective is without merit.  Petitioner alleges that he was
   pressured into pleading guilty and that he was actually innocent of
   the charges brought against him.  Petitioner also lists several other
   invalid reasons why he believes his counsel was ineffective.
   Petitioner plead[ed] guilty to Capital Murder, Attempted Murder,
   and Robbery I on September 15, 2003.  This Court went to great
   lengths to ensure that Petitioner was fully informed of his rights
   and that he knowingly and voluntarily entered a plea of guilty in
   this case.  Petitioner was subsequently found guilty of the
   aforementioned charges on September 22, 2003, by a jury.  The
   evidence in the case was overwhelming of the guilt of Petitioner.
   He was captured on video shooting his victim while the victim
   apparently pleaded for his life.  In addition, Petitioner fails to
   mention that his lead attorney was Tommy Goggans, perhaps the
   most experienced capital murder defense attorney in the state.
   Petitioner's counsel represented him in a professional and
   exceptional manner.  Petitioner has failed to prove beyond a

preponderance of the evidence the facts necessary to entitle him to relief. Petitioner has also failed to make a clear and specific statement of grounds upon which relief is sought, including a full disclosure of the factual basis of those grounds. Therefore this claim is denied in accordance with [R]ules 32.3 and 32.6 of the Ala. R. Crim. P.

2.  Petitioner's allegation that his arrest was not supported by probabl[e] cause is without merit. Petitioner has failed to prove beyond a preponderance of the evidence the facts necessary to entitle him to relief. The issue could have been[,] but was not[,] raised or addressed at trial or on appeal. Petitioner has also failed to make a clear and specific statement of grounds upon which relief is sought, including a full disclosure of the factual basis of those grounds. Therefore this claim is denied in accordance with [R]ules 32.2, 32.3[,] and 32.6 of the Ala. R. Crim. P.

3.  All other allegations that have been presented by Petitioner are without merit and are hereby dismissed.

(Ex. B, C. 19-21)

7. Smith filed a motion for reconsideration on November 24, 2004, which was denied on November 29, 2004. (Ex. B, C. 22-24) Smith filed a timely notice of appeal on December 17, 2004. (Ex. B, C. 25)

8. Smith raised four issues on appeal:

a.  The trial court erred in denying his petition because his trial counsel was ineffective as he coerced him into pleading guilty. (Ex. C, p. 3-4)

b.  The arrest warrant was not supported by probable cause. (Ex. C, p. 4-5)

    c. Trial counsel was ineffective because he failed to investigate

       Smith's alibi defense.  (Ex. C, p. 5-6)

    d. It was improper for Smith's appellate attorney to withdraw without

       first filing an <u>Anders</u> brief.  (Ex. C, p. 6)

9.  The Alabama Court of Criminal Appeals affirmed the denial of Smith's

Rule 32 petition, in a memorandum opinion, on August 12, 2005.  (Ex. E, p. 1-8)

The court found that Smith's claim that his counsel coerced him into pleading

guilty was without merit.

> It is well settled that "a misrepresentation by a defendant's counsel, if material, may render a guilty plea involuntary." <u>Ex parte Blackmon</u>, 734 So. 2d 995, 997 (Ala. 1999).  However, the allegations in Smith's petition indicate no misrepresentation by trial counsel. Smith was indicted for capital murder; if convicted, Smith could have been sentenced to death. In addition, in its order denying Smith's petition, the trial court noted the following:
>
> > "The evidence in the case was overwhelming of the guilt of petitioner. He was captured n video shooting his victim while the victim apparently pleaded for his life."
>
> (C. 20.)  It is clear that counsel's information was an accurate statement of the law and facts of the case and did not constitute coercion.  <u>See, e.g.</u>, <u>Holt v. State</u> 650 So. 2d 530 (Ala. Crim. App. 1994) (counsel's telling defendants that they could receive over 100 years in prison if convicted did not constitute coercion where defendants, in fact, could have received over 100 years in prison if they were convicted on all counts) .  Therefore, the circuit court properly denied this claim.

(Ex. E, p. 2)

10. The court also determined that Smith's claim concerning his illegal arrest was procedurally barred from review "by Rule 32.2(a) (3) and (5), Ala.R.Crim.P., because it could have been, but was not, raised and addressed at trial and on appeal." (Ex. E, p. 2)

11. The Alabama Court of Criminal Appeals then quoted Smith's claims of ineffective assistance of counsel from his petition, and proceeded to address them.

> In his petition, Smith made the following allegations of ineffective assistance of trial counsel:
>
> > "Smith's trial counsel was ineffective at and before the guilty plea hearing. Mr. Reed[4] showed on numerous occasions that he was not functioning as Smith's advocate:
> >
> > > "a.    Mr. Reed charged his family $4,700.00 on the side of what the State paid him. (A conflict of interest)
> > >
> > > "b.    Mr. Reed coerced him into pleading guilty when it was expressed over and over to him that he was innocent.
> > >
> > > "c.    Mr. Reed never investigated his alibi defense.
> > >
> > > "d.    Mr. Reed sabotaged his right to a trial by his peers.
> > >
> > > "e.    Mr. Reed was ineffective for withdrawing from his appeal without filing

---

[4] Smith was also represented by Tommy Goggans at trial, but Smith does not attack his performance. (Ex. B, C. 20, Ex. E, p. 3 n.1)

> an '<u>Anders v. [California</u>, 386 U.S. 738
> (1967),] brief."

([Ex. B,] C. 15)

> Initially, we note that Smith does not argue on appeal (b) and
> (d), as quoted above. Therefore, those allegations are deemed to be
> abandoned and will not be addressed. <u>See, e.g., Brownlee v. State</u>,
> 666 So. 2d 91, 93 (Ala. Crim. App. 1995) ("We will not review issues
> not listed and argued in brief.").

(Ex. E, p. 3) (original footnote omitted) (additional footnote 4 added)

12. The court then discussed the claims that it believed Smith raised in the

petition and on appeal.  It ruled that the remaining claims from above (a., c., and

e.) were bare allegations without any specific facts to support them.  "Smith's

allegations are single-sentence conclusions unsupported by any specific facts and,

thus, are insufficient to satisfy the pleading requirements in Rule 32.3 and Rule

32.6(b), Ala.R.Crim.P. Therefore, summary denial of these allegations of

ineffective assistance of counsel was proper."  (Ex. E, p. 4)

13. The final claim the court addressed was Smith's claim that he failed to

appeal through no fault of his own.

> Finally, Smith raised the following claim in his petition:

> > "The failure of Smith to appeal his conviction was
> > thru [sic] no fault of his own.

> > "After he was sentenced he notified the court that
> > he wished to appeal.  The court continued to allow Mr.
> > Reed to represent him on appeal.  For some odd reason
> > Mr. Reed withdrew from Smith's appeal.  But he failed

> to file the required Anders [v. California 386 U.S. 738
> (1967),] brief to support his motion to withdraw.  And
> the trial court failed to notify Smith and tell him that he
> could save his right to appeal by challenging his
> counsel's allegations that were alleged in the Anders
> brief."

(C. 15-16.)

It is unclear exactly what Smith is arguing in this regard. We
have searched our own records and can find no indication that a notice
of appeal was ever filed in Smith's case.  The procedure outlined in
Anders v. California, 386 U.S. 738 (1967), applies only upon the
filing of an appeal.  Thus, to the extent that this claim is a challenge to
the trial court's allowing appellate counsel to withdraw from the
appeal before filing a brief pursuant to the procedure in Anders it is
meritless on its face.

(Ex. E, p. 4-5)

14. The court then held, to the extent that Smith's claim was that he failed to

file an appeal through no fault of his own, under 32.1(f) of the Alabama Rules of

Criminal Procedure, his claim was not specific enough to warrant relief under

Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure because Smith

did not allege that

> [H]e requested his counsel to perfect an appeal or otherwise indicated
> to his counsel an interest in appealing or that his counsel had an
> opportunity to consult with him about an appeal after he was
> convicted and sentenced, and that his counsel refused to file an
> appeal. Likewise, Smith failed to allege that, but for counsel's actions,
> he would have timely appealed; rather, he appeared to allege only that
> his counsel should have filed an Anders brief before withdrawing.
> Therefore, Smith failed to plead sufficient facts indicating that his
> failure to appeal was, in fact, not his own fault or that his trial counsel

was ineffective for not pursuing an appeal. Accordingly, summary
denial of this claim was proper.

(Ex. E, p. 7)  The court relied heavily for its conclusion on <u>Roe v. Flores-Ortega</u>,

528 U.S. 470 (2000).  (Ex. E, p. 5-7)

15.  Smith apparently filed an application for rehearing[5], which was

overruled by the Alabama Court of Criminal Appeals on September 2, 2005.  (Ex.

F)  Smith also apparently filed a petition for certiorari review in the Supreme Court

of Alabama.[6]  The supreme court denied his writ and issued its certificate of

judgment on December 9, 2005.  (Ex. G)

**C. Federal Habeas Corpus**

16. Smith filed his federal habeas corpus, challenging his guilty plea

conviction, on February 15, 2006.  (Smith's pet. at 8.)

**Memorandum Brief**

**A.    Applicability of the Federal One-Year Statute of Limitation**

17. Title 28 U.S.C. § 2244(d)(1) applies a one-year statute of limitation to an

application for a writ of habeas corpus to an individual incarcerated pursuant to a

state court judgment.

> (d)(1) A 1-year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the judgment
> of a State court.  The limitation period shall run from the latest of-

---

[5] Smith never served the Alabama Attorney General's Office with a copy of the
application for rehearing.
[6] Smith also never served the Office with a copy of his certiorari petition.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

18. This one-year statute of limitation became effective on April 24, 1996. See Carey v. Saffold, 536 U.S. 214, 217 (2002) (noting the effective date of the federal limitation period); Drew v. Dept. of Corr., 297 F.3d 1278, 1282 (11th Cir. 2002) (same). In cases where the conviction is obtained following the one-year period, the defendant has one year from the date on which his conviction becomes final to mount a federal challenge. Title 28 U.S.C. § 2244(d)(1)(A).

19. There is no evidence that Smith filed any post-trial motions (Ex. A; Ex. H); therefore, his time for seeking direct review of his conviction expired 42 days

after sentencing under Rule 4(b)(1) of the Alabama Rules of Appellate Procedure. Consequently, his conviction became final on November 3, 2003[7] -- 42 days after his sentencing date of September 22, 2003.

20. Nearly a year's time -- 353 days -- passed between Smith's conviction becoming final on November 3, 2003 and the filing of his state post-conviction petition on October 21, 2004. (Ex. B, C. 11; Ex. E, p. 1)

21. The filing of the petition tolled the one-year statute of limitation. Title 28 U.S.C. § 2244(d)(2). The Supreme Court of Alabama's certificate of judgment, affirming the denial of the petition, was issued on December 9, 2005, and the time for filing his federal habeas corpus petition began to run again.

22. Smith had 12 days remaining, or until December 21, 2005, to timely file his federal habeas corpus petition. Sixty-eight days elapsed between December 9, 2005, and the filing of Smith's untimely petition on February 15, 2006. Smith filed his petition 56 days past the deadline, and the petition should be denied under Title 28 U.S.C. § 2244(d)(1)(A).

23. Smith also failed to show any "extraordinary circumstances that are both beyond his control and unavoidable with diligence" that would equitably toll his

---

[7] Smith is not entitled to the additional 90 days to petition the Supreme Court of the United States for certiorari review before his conviction becomes final, under <u>Bond v. Moore</u>, 309 F.3d 770, 773-74 (11th Cir. 2002), because he never appealed his case through the "state court of last resort," the Supreme Court of Alabama. <u>See</u> U.S. Sup. Ct. R. 13.1.

untimely petition.  <u>See</u> <u>Wyzykowski v. Dep't of Corr.</u>, 226 F.3d 1213, 1216 (11th

Cir. 2000).  He should, therefore, be denied relief because the federal statute of

limitation created by Title 28 U.S.C. § 2244(d) bars his petition.[8]

---

[8] The respondents believe that Smith's habeas petition is clearly barred by the one-year statute of limitation and has submitted supporting documentation.  If this Court does not believe that the petition is barred by the limitation period, the respondents request an opportunity to argue, in the alternative, that the claims are unexhausted, procedurally defaulted, or were adjudicated properly in the state courts.  As was mentioned above, <u>supra</u> p. 10 n.5, 6, Smith failed to serve the Attorney General's Office with copies of his application for rehearing and certiorari petition when he filed these documents in the Alabama appellate courts. The respondents, however, will provide the necessary documentation to support its alternative arguments, if the Court wishes, but believe that this petition can be ruled upon solely by addressing the one-year statute of limitation.

## Table of Exhibits

| Exhibit Designation | Exhibit Description |
|---|---|
| Exhibit A | Case action summary from Smith's guilty plea conviction (CC-2003-464) |
| Exhibit B | Transcript on direct appeal of the denial of Smith's state post-conviction petition (CR-04-0575;CC-2003-464.60) |
| Exhibit C | Smith's appellate brief |
| Exhibit D | State of Alabama's brief as appellee |
| Exhibit E | Alabama Court of Criminal Appeals's memorandum opinion affirming the denial of the post-conviction petition |
| Exhibit F | Alabama Court of Criminal Appeals's order overruling Smith's application for rehearing |
| Exhibit G | Supreme Court of Alabama's denial of the writ of certiorari and the issuance of the certificate of judgment |
| Exhibit H | On-line case action summary printout from CC-2003-464 |

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:


s/Jean-Paul M. Chappell
Jean-Paul M. Chappell
*Assistant Attorney General*
#CHA073

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:   Delano Smith, AIS# 213612, 100 Warrior Lane, Bessemer, AL 35023-7299.

Respectfully submitted,

s/Jean-Paul M. Chappell (CHA073)
Jean-Paul M. Chappell (CHA073)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: jchappell@ago.state.al.us

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

107995/92007-001