# VOLUME \ OF \

COURT OF CRIMINAL APPEALS NO. _CR 04-0575_

## APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

### CIRCUIT COURT OF Montgomery COUNTY, ALABAMA

CIRCUIT COURT NO. _CC 03-464.60_

CIRCUIT JUDGE _Hobbs_

Type of Conviction / Order Appealed From: _Rule 32_

Sentence Imposed: _____

Defendant Indigent: ■YES ☐NO

_Delano Smith_
NAME OF APPELLANT

_Delano Smith     AIS# 231612_
(Appellant's Attorney)                    (Telephone No.)

_100 WARRIOR LANE_
(Address)

_BESSEMER       AL       35023_
(City)            (State)         (Zip Code)

V.

### STATE OF ALABAMA

(State represented by Attorney General)                    NAME OF APPELLEE

NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

```
ACROG72           ALABAMA JUDICIAL INFORMATION SYSTEM      CASE:
OPER: TOR                    CASE ACTION SUMMARY
     1                        CIRCUIT  CRIMINAL              RUN DATE: 10/29/2004
/ THE CIRCUIT COURT OF MONTGOMERY                                  JUDGE: TMH

STATE  OF  ALABAMA              VS        SMITH DELAND
                                          100 WARRIOR LANE
CASE: CC 2003 000464.60                   AIS#231612
                                          BESSEMER, AL  35023 0000

DOB: 02/17/1984      SEX: M  RACE: B  HT: 6 03  WT: 190   HR:       EYES:
SSN: 421216501  ALIAS NAMES:
==========================================================================
CHARGE01                        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE: 09/03/2001                  AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                    DATE ARRESTED: 04/08/2003
DATE     INDICTED:                   DATE     FILED: 10/21/2004
DATE     RELEASED:                   DATE   HEARING:
BOND       AMOUNT:        $.00          SURETIES:

DATE 1:           DESC:              TIME: 0000
DATE 2:           DESC:              TIME: 0000

TRACKING NOS: CC 2003 000464 00  /                     /

   DEF/ATY:                      TYPE:                        TYPE:

                        00000                        00000

PROSECUTOR:

==========================================================================
 CSE: CC200300046400 CHK/TICKET NO:                GRAND JURY:
ORT REPORTER:                   SID NO:      000000000
F STATUS: PRISON                DEMAND:                        OPER: TOR
==========================================================================
DATE        ACTIONS, JUDGEMENTS, AND NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|------|-------------------------------|
| 10/29/04 | Copy Sent to DA |
| 11-17-04 | Order Dismissing Rule 32 |
| 11/15/04 | State's Answer |
| 11/22/04 | Motion for Reconsideration |
| 11/29/04 | "    "    "    - Denied |
| 12/17/04 | Notice Of Appeal w/ forms |
| 12/30/04 | Appeal Transmittal to Crim Apple, AG, DA + Def. |

# INDEX
## <u>CLERK'S RECORD</u>

CASE ACTION SUMMARY................................................................... 1

RULE 32 PETITION........................................................................... 2-16

STATE'S ANSWER AND/OR MOTION TO DISMISS PETITIONER'S
PETITION FOR RELIEF FROM CONVICTION OR SENTENCE.................... 17-18

ORDER TO DISMISS RULE 32 PETITION............................................... 19-21

MOTION FOR RECONSIDERATION – DENIED........................................ 22-24

NOTICE OF APPEAL......................................................................... 25

REPORTER'S TRANSCRIPT ORDER...................................................... 26-27

APPEAL TRANSMITTAL..................................................................... 28

CERTIFICATE OF COMPLETION.......................................................... 29

Case Number

**CC 03 - 464 .60**

ID    YR    NUMBER

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

THE CIRCUIT COURT OF MONTGOMERY COUNTY

[Insert appropriate court]

DELANO SMITH

(Petitioner)

vs.

STATE OF ALABAMA

(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, ___DELANO SMITH_____, declare that I am the petitioner
in the above entitled case; that in support of my motion to proceed without being required to prepay
fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs
of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No __✓__

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the
   name and address of your employer.

   _____N/A_____

   _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and
   wages per month which you received.

   _____N/A_____

   _____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

      Yes _____        No __✓__

   b. Rent payments, interest, or dividends?

      Yes _____        No __✓__

   c. Pensions, annuities, or life insurance payments?

      Yes _____        No __✓__

   d. Gifts or inheritances?

      Yes _____        No __✓__

   e. Any other sources?

      Yes _____        No __✓__

Filed
OCT 2004
Melissa Rittenour
Circuit Clerk

3

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

N/A

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____          No ___✔___

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

N/A

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No ___✔___

If the answer is "yes", describe the property and state its approximate value.

N/A

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

N/A

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _October 14, 2004_
              (Date)

                              X _Delano Smith_
                              Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _25 44 ¢_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _William E. Davidson_ _____ institution:

COPY FOR COURT
ATTACHED

_10/29/04_
DATE

_____ AUTHORIZED OFFICER OF INSTITUTION

My Commission Expires 8/31/2008

4

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
W.E. DONALDSON CORR. FACILITY

AIS #: 231612        NAME: SMITH, DELANO                AS OF: 10/20/2004

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| OCT | 11 | $0.00 | $0.00 |
| NOV | 30 | $0.00 | $0.00 |
| DEC | 31 | $0.00 | $0.00 |
| JAN | 31 | $0.00 | $0.00 |
| FEB | 28 | $0.00 | $0.00 |
| MAR | 31 | $8.23 | $138.81 |
| APR | 30 | $11.70 | $85.00 |
| MAY | 31 | $3.19 | $100.00 |
| JUN | 30 | $9.65 | $95.00 |
| JUL | 31 | $6.70 | $90.00 |
| AUG | 31 | $4.77 | $90.00 |
| SEP | 30 | $7.01 | $60.00 |
| OCT | 20 | $10.09 | $95.00 |

COURT COPY

5

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

## (Pursuant to Rule 32, Alabama Rules of Criminal Procedure)

Case Number

**CC** ___03___ - ___464___ · ___60___  ₣MH
   ID     YR     NUMBER

IN THE ___CIRCUIT___

COURT OF ___MONTGOMERY CO___, ALABAMA

___DELANO SMITH___ vs. ___STATE OF ALABAMA___

Petitioner (Full Name)                        Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number ___#231612___

Place of Confinement ___DONALDSON PRISON___

County of conviction ___MONTGOMERY___

**NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.**

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack ___The Circuit Court of Montgomery County. Montgomery, Alabama___

2. Date of judgment of conviction ___9-16-03___

3. Length of sentence ___Life w/o Parole___

4. Nature of offense involved (all counts) ___Capital Murder___

5. What was your plea? (Check one)
   (a) Guilty ___✓___
   (b) Not guilty _____
   (c) Not guilty by reason of mental disease or defect _____
   (d) Not guilty and not guilty by reason of mental disease or defect _____

Filed
OCT 2004
Melissa Rittenour
Circuit Clerk
1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 31

6.  Kind of trial: (Check one)              )

    (a)  Jury ✓_____                    (b)  Judge only _____

7.  Did you testify at the trial?

    Yes _____                            No ✓_____

8.  Did you appeal from the judgment of conviction?

    Yes _____                            No ✓_____

9.  If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court _____

        _____

        (2)  Result _____

        _____

        (3)  Date of result _____

        _____

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court _____

        (2)  Result _____

        _____

        (3)  Date of result _____

        _____

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court _____

        (2)  Result _____

        _____

        (3)  Date of result _____

        _____

any petitions, applications or motions with respect to this judgment in any court, state or federal?

Yes _____      No _✓_____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _____ N/A _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____    N/A      No _____

(5) Result _____ N/A

(6) Date of result _____ N/A

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____ N/A

(3) Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____    N/A      No _____

(5) Result _____

(6) Date of result _____ N/A

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court _____ N/A

3

8

(2)  Nature of proceeding _____ N/A _____ )

(3)  Grounds raised _____ N/A _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____ N/A          No _____

(5)  Result _____ N/A _____

(6)  Date of result _____ N/A _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes ___          No ___

(2)  Second petition, etc.          Yes ___          No ___

(2)  Third petition, etc.          Yes ___          No ___

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____ N/A _____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

✓____  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

✓ (1)  Conviction obtained by plea of guilty which was unlawful induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)  Conviction obtained by use of coerced confession.

(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

✓ (4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)  Conviction obtained by a violation of the privilege against self-incrimination.

(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

✓ (9)  Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

_____ B.  **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C.  **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D.  **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E.  **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

*10*

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

✓    F.    **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.    **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

"Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.    Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No __✓__

B.    If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)    Name of court _____ N/A _____

(b)    Result _____

(c)    Date of result _____
      (attach additional sheets if necessary)

C.    If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No __✓__

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in judgment under attack:

(a) At preliminary hearing ___Thomas Goggens_____

(b) At arraignment and plea ___Joe M. Reed_____

(c) At trial _____N/A_____

(d) At sentencing _____Joe M. Reed_____

(e) On appeal _____N/A_____

(f) In any post-conviction proceeding _____N/A_____

(g) On appeal from adverse ruling in a post-conviction proceeding ____N/A_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____        No __✓__

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____        No __✓__

(a) If so, give name and location of court which imposed sentence to be served in the future: _____N/A_____

(b) And give date and length of sentence to be served in the future: _____N/A_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____  N/A   No _____

18. What date is this petition being mailed?

____October 21, 2004_____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____10/15/04_____.
          (Date)

_____Delana Smith_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the __15__ day of __OCTOBER_____ __2004__.

_____James A. Beachem_____
Notary Public
My Commission Expires
9-25-2008

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____.
          (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

* If petitioner is represented by

GT MNDS OF THE PET IION
(ATTACHED SHEETS)

12 A. The Constitution of the United States and of the State of Alabama requires that Delano Smith's guilty plea be withdrawn because he was coerced into pleading guilty by his trial counsel.

① Smith was represented on this capital murder charge by the Honorable Esquire Joe M. Reed. He was constantly telling Mr. Reed that he did not commit this crime. But Mr. Reed was constantly telling him that if he went to trial on this cause that he would be found guilty. And that if he be found guilty that he would receive the death penalty. Every accused has the right to be tried by a jury of his peers. And Smith wanted to go to trial but Mr. Reed would not let him. Mr. Reed was very friendly with the district attorney assigned to the case. They ate lunch together on numerous occasions. It is Smith's belief that they discussed on numerous occasions the possibility of Mr. Reed encouraging him to plead guilty. And eventually Mr. Reed placed him under so much duress by inform he and his family that he would lose and die in the electric chair until he finally just submitted to the pressing and reluctantly di plead guilty to this crime that he did not

commit. I , this rule 32 proc  ding he will prove
that he did not commit this crime and that Mr.
Reed did coerce him.

(2) That Smith's arrest was not supported
by probable cause. With all due respect to the
fact finding body of our judicial system, the
defendant wishes to point out that he was not
a suspect or participant in this crime. The
warrant upon which he was arrested will
clearly reflect that there is no affidavit to
support the issuance of a warrant for his arrest.
The facts behind his arrest clearly show that
the incident was perpetrated by three individua
They were Willie Gardner, Tawrus Hall , and
Anthony Fuller . Somehow Willie Gardner put his
name in the mix. The affidavit in support
of the arrest warrant does not mention that
an officer was told by Willie Gardner, who
has proven to be reliable in the past, that
Delano Smith was a participant in this crime.
The fruit of the poisonous tree doctrine was
Gardner's confession. And just to prove
how reliable Gardner's word is Smith is
forwarding a brief to follow this petition
that will clearly show why Gardner lied
on him.

15

③ Smith's trial counsel was ineffective. At and before the guilty plea hearing Mr. Reed showed on numerous occasions that he was not functioning as Smith's advocate:

ⓐ Mr. Reed charged his family $4,700.00 on the side of what the State paid him. (A conflict in interest).

ⓑ Mr. Reed coerced him into pleading guilty when it was expressed over and over to him that he was innocent.

ⓒ Mr. Reed never investigated his alibi defense.

ⓓ Mr. Reed sabotaged his right to a trial by his peers.

ⓔ Mr. Reed was ineffective for withdrawing from his appeal without filing an "Anders" brief.

12F. The failure of Smith to appeal his conviction was thru no fault of his own.

After he was sentenced he notified the court that he wished to appeal. The court

**16**

continued to allow Mr. Reed to present him on appeal. For some odd reason Mr. Reed withdrew from Smith's appeal. But he failed to file the required Anders brief to support his motion to withdraw. And the trial court failed to notify Smith and tell him that he could save his right to appeal by challenging his counsel's allegations that were alleged in the Anders brief.



IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA       )
                             )
v.                 )     CC 2003-464.60 TMH
                             )
DELANO SMITH         )

## STATE OF ALABAMA'S ANSWER AND/OR MOTION TO DISMISS PETITIONER'S PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Comes now the State of Alabama by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and hereby moves this Honorable Court to Dismiss Petitioner's Petition and for grounds would state as follows:

1. Petitioner alleges that his counsel, Joe Reed, was ineffective in his representation of Petitioner. Petitioner's argument is without merit. Petitioner failed to prove beyond a preponderance of the evidence the facts necessary to entitle him to relief and failed to make a clear and specific statement of the grounds upon which he is seeking relief, including a full disclosure of the factual basis of those grounds as required by rules32.3 and 32.6(d) of the Ala. R. Crim. P. Petitioner has simply made a bare allegation that a constitutional right has been violated and made mere conclusions of law. He failed to show that but for his counsel's alleged errors that the outcome of his case would have been different as required by Strickland v. Washington 466 U.S. 668.

2. Petitioner also alleges that his arrest was not supported by probable cause. Petitioner's claim is without merit. Petitioner failed to prove beyond a preponderance of the evidence the facts necessary to entitle him to relief and failed to make a clear and specific statement of the grounds upon which he is seeking relief, including a full disclosure of the factual basis of those grounds as required by rules32.3 and 32.6(d) of the Ala. R. Crim. P. Petitioner has simply made a bare allegation that a constitutional right has been violated and made mere conclusions of law.

123456789101112131415161718192021222324252627282930313233
NOV 2004
Filed
Melissa Rittenour
Circuit Clerk

*18*

3. All other claims made by Petitioner are without merit and are due to be denied because he has failed to to prove beyond a preponderance of the evidence the facts necessary to entitle him to relief and failed to make a clear and specific statement of the grounds upon which he is seeking relief, including a full disclosure of the factual basis of those grounds as required by rules32.3 and 32.6(d) of the Ala. R. Crim. P. Petitioner has simply made a bare allegation that a constitutional right has been violated and made mere conclusions of law.

Accordingly, as Petitioner's instant petition is precluded or is otherwise without merit, it is due to be summarily dismissed without an evidentiary hearing in accordance with Rule 32.7(d), Ala. R. Crim. P. The State of Alabama also petitions this Court to assess all costs associated with the filing of this Petition against Petitioner.

Respectfully submitted this the 15th day of November, 2004.

Eleanor I. Brooks
District Attorney

By: _Daryl D. Bailey_
Daryl D. Bailey
Chief Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the Petitioner by placing a copy in the United States Mail, postage properly paid, addressed to: Delano Smith, AIS 231612, Donaldson Correctional Facility.

Eleanor I. Brooks
District Attorney

By: _Daryl D. Bailey_
Daryl D. Bailey
Chief Deputy District Attorney

*19*

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA        )
                                 )

v.                                 )        CC-03-464.60-TMH
                                 )

DELANO SMITH         )
                                 )

## ORDER

This cause having come before the Court on Petitioner's request that filing fees be waived due to his substantial hardship status, and the same having been considered, it is ORDERED that Petitioner is GRANTED permission for filing of the petition in this cause without immediate prepayment of a filing fee. It is further ORDERED that Petitioner is required to pay a filing fee in the amount of $201.00 in this cause; and the Alabama Department of Corrections is directed to withhold 50% of each dollar the Petitioner receives through his Prisoner's Money on Deposit Account and to deliver the same to the Clerk of this Court when the full amount has been collected.

This matter is before the Court on Petitioner's Petition for Relief from Conviction or Sentence, filed pursuant to Rule 32, Ala. R. Crim. P., on or about October 25, 2004, and the State of Alabama's Answer filed on November 15, 2004. Upon consideration thereof, and having taken judicial notice of this Court's own records, this Court finds as follows:

1.      Petitioner's allegation that his counsel, Joe Reed, Jr., was ineffective is without merit. Petitioner alleges that he was pressured into pleading guilty and that he

*20*

was actually innocent of the charges brought against him. Petitioner also lists several other invalid reasons why he believes his counsel was ineffective. Petitioner plead guilty to Capital Murder, Attempted Murder and Robbery I on September 15, 2003. This Court went to great lengths to ensure that Petitioner was fully informed of his rights and that he knowingly and voluntarily entered a plea of guilty in this case. Petitioner was subsequently found guilty of the aforementioned charges on September 22, 2003, by a jury. The evidence in the case was overwhelming of the guilt of Petitioner. He was captured on video shooting his victim while the victim apparently pleaded for his life. In addition, Petitioner fails to mention that his lead attorney was Tommy Goggans, perhaps the most experienced capital murder defense attorney in the state. Petitioner's counsel represented him in a professional and exceptional manner. Petitioner has failed to prove beyond a preponderance of the evidence the facts necessary to entitle him to relief. Petitioner has also failed to make a clear and specific statement of the grounds upon which relief is sought, including a full disclosure of the factual basis of those grounds. Therefore this claim is denied in accordance with rules 32.3 and 32.6 of the Ala. R. Crim. P.

2.    Petitioner's allegation that his arrest was not supported by probably cause is without merit. Petitioner has failed to prove beyond a preponderance of the evidence the facts necessary to entitle him to relief. This issue could have been but was not raised or addressed at trial or on appeal. Petitioner has also failed to make a clear and specific statement of the grounds upon which relief is sought, including a full disclosure of the factual basis of those grounds. Therefore this

claim is denied in accordance with rules 32.2, 32.3 and 32.6 of the Ala. R. Crim. P.

3.    All other allegations that have been presented by Petitioner are without merit and are hereby dismissed.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that, as Petitioner's instant Petition is precluded by Rules 32.2(a)(3), 32.3 and 32.6(b), Ala. R. Crim. P., and is otherwise without merit, it is summarily dismissed in accordance with Rule 32.7(d) Ala. R. Crim. P. and all costs associated with this proceeding SHALL BE TAXED AGAINST PETITIONER.

Done this 17th day of November, 2004.

TRUMAN M. HOBBS, JR.
CIRCUIT JUDGE

RECEIVED
11-17-04
CIRCUIT COURT CLERK

cc:    Daryl D. Bailey, Chief Deputy District Attorney
Delano Smith

TMH

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALA.

22

DELANO SMITH,
      PETITIONER,

      VS.

STATE OF ALABAMA, et. al.,
      RESPONDENT(S).

Case No. CC 03-464.60 TMH

Filed
NOV 2004
Melissa Rittenour
Circuit Clerk

## MOTION FOR RECONSIDERATION

Now comes the Petitioner, Delano Smith, in his own proper person to motion this most Honorable Court to reconsider its order of November 17, 2004 wherein it denied his Rule 32 petition.

IN SUPPORT OF THIS MOTION PETITIONER SHOWS:

1. That Delano Smith filed the instant Rule 32 petition on October 25, 2004 asking the Court to allow him to withdraw his guilty plea because his trial counsel, Mr. Joe M. Reed, had coerced him into pleading guilty.

2. That on November 15, 2004 the State of Alabama responded to his petition, but the order to docket the petition was not entered until November 17, 2004.

DENIED

11/29/04
DATE

TRUMAN M. HOBBS, JR.
CIRCUIT JUDGE

**23**

3. That the trial court did not have jurisdiction to accept the State's motion to dismiss on November 15, 2004 because the case had not yet been filed. See Jackson v. State, 854 So.2d. 157 (Ala. Cr. App. 2002).

4. That the main reason for the trial court's lack of jurisdiction was because the filing fee had not been paid, nor had indigency status been granted.

5. That the 50% deduction of every dollar a petitioner receives is not an approved standard by the Alabama Supreme Court.

6. It is not the duty of the circuit court's to set the rules on postconviction procedures

7. The procedures on Rule 32 petitions are set out by the Alabama Supreme Court who have exclusive jurisdiction to promulgate such rules.

8. That the Alabama Court of Criminal Appeals has recently ruled in Lynn v.

24

State, Case. No. CR-03-2135, that a circuit court does not have subject matter jurisdiction to entertain a petition until the filing fee has been paid on indigency status has been granted,

9. That deferred payment is a Federal Court procedure and is not sanctioned by State courts.

10. That Smith was waiting until a ruling on whether he was granted indigency status was granted before submitting his brief.

11. That before he could submit his brief the State responded, and one day later the Court ruled.

12. That the ruling and the indigency order were simultaneously entered. And this was not due process.

## CONCLUSION

Wherefore, premises considered, this motion for reconsideration should be granted.

Respectfully Submitted,

Dated: 11/22/04    X _Delano Smith_
100. Warrior Lane
Bessemer, Ala. 35023

25

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

DELANO SMITH,
          PETITIONER,
          vs.
THE STATE OF ALABAMA,
          RESPONDENT.

Case No. CC03-464.60

## NOTICE OF APPEAL

Comes now the Petitioner Delano Smith, in his own proper person, to give this most Honorable Court his notice of appeal from the adverse ruling denying his Rule 32 petition that was entered on the 17th day of November, 2004.

Respectfully Submitted,

x  Delano Smith
100 Warrior Lane
Bessemer, Ala. 35023

Dated: December 17, 2004

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS THE ___ day of December, 2004. _____
                                    SIGNATURE OF NOTARY

MY COMMISSION EXPIRES ON _____



DEC 2004
FILED
Melissa Rittenour
Circuit Clerk

26

| State of Alabama Unified Judicial System Form ARAP-1C    8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL See Rules 10(c) and 11(b) of the Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number TO BE SUPPLIED BY COURT |

**TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.**

[✓] CIRCUIT COURT   [ ] DISTRICT COURT   [ ] JUVENILE COURT OF _MONTGOMERY_ COUNTY

_DELANO SMITH_, Appellant

V.   [✓] STATE OF ALABAMA   [ ] MUNICIPALITY OF _APPELLEE_

| Case Number CC 03-464, 60 | Date of Judgment/Sentence/Order 11/17/04 |
| Date of Notice of Appeal Oral:   Written: 12/17/04 | Indigent Status Granted: [✓] Yes   [ ] No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

_N/A_                    _N/A_                    _N/A_
Signature                Date                     Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R App P.)):

**MARK PROCEEDINGS REQUESTED:**                                      COURT REPORTER(S)

A. [ ] TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. [ ] ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. [ ] ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

_N/A_

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY.)

ADDITIONAL PROCEEDINGS REQUESTED                DATE               COURT REPORTER(S)

D. _____

E. _____

F. _____

G. _____

_N/A_

DEC 2004 FILED Melissa Rittenour Circuit Clerk

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

X _Delano Smith_                    _12/20/04_          _Delano Smith (Pro Se)_
Signature                            Date                Print or Type Name

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to:   (1) Clerk of the Court of Criminal Appeals,   (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion.

27

COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

H. POST-JUDGMENT MOTION   List all post-judgment motions by date of filing,   and date of disposition
(whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
| Month | Day | Year | | Month | Day | Y |
| 10 | 25 | 04 | RULE 32 PETITION | 11 | 17 | 04 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

I. NATURE OF THE CASE: Without argument, briefly summarize the facts of the case. The Guilty plea is
invalid because I was coerced into pleading guilty. Also
my court appointed counsel created a conflict of
interest when he handled my case by also charging of my
parents $ 4,500.00 in attorney fees under the table.

J. ISSUE(S) ON APPEAL: Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary)

All issues that were raised on the rule 32 petition
will be argued and raised on appeal.

K. SIGNATURE: X Delano Smith

Date 12/20/04

Delano Smith   (Pro Se)
Signature of Attorney/Party Filing this Form

28

ACR371          ALABAMA JUDICIAL DATA CENTER
        NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                    BY THE TRIAL COURT CLERK
              IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
STATE OF ALABAMA VS SMITH DELANO            JUDGE: TRUMAN M HOBBS

APPEAL DATE: 12/17/2004

INDIGENCY STATUS:
    GRANTED INDIGENCY STATUS AT TRIAL COURT:
    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:    __X__ YES  _____ NO
    INDIGENT STATUS REVOKED ON APPEAL:               __X__ YES  _____ NO N/A
    INDIGENT STATUS GRANTED ON APPEAL:               _____ YES  __X__ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 03/CC 2003 000464.60

ORDER ENTERED(DATE): 11172004 PETITION: X DISMISSED __DENIED __GRANTED

POST-JUDGMENT MOTIONS FILED:      DT FILED        DT DENIED       CON BY AGREE
____ MOTION FOR NEW TRIAL        _____      _____      _____
____ MOTION FOR JUDG. OF ACQUIT  _____      _____      _____
____ MOTION TO W/D GUILTY PLEA   _____      _____      _____
____ MOTION FOR ATTY TO W/DRAW   _____      _____      _____
____ OTHER                       _____      _____      _____

COURT REPORTER(S):               _____
ADDRESS:                         _____
                                 _____
                                 _____
APPELLATE COUNSEL #1:            _____
ADDRESS:                         PRO SE

PHONE NUMBER:                    000-000-0000        ,        00000

APPELLATE COUNSEL #2:
ADDRESS:                         _____
                                 _____
                                 _____
PHONE NUMBER:                    _____

APPELLANT (PRO SE):
ADDRESS:                         SMITH DELANO
                                 100 WARRIOR LANE
AIS #:                           BESSEMER        ,  AL  350230000
                                 231612

APPELLEE (IF CITY APPEAL):
ADDRESS:                         _____
                                 _____

I CERTIFY THAT THE INFORMATION PROVIDED                OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY           PREPARED: 12/30/2004
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO       _Melissa Patterson_
THIS ACTION ON THIS 30th DAY OF __DEC__, 2004   CIRCUIT COURT CLERK

**29**

| State of Alabama<br>Unified Judicial System<br><br>ARAP-14      Rev. 11/91 | **CERTIFICATE OF COMPLETION AND TRANSMITTAL OF RECORD ON APPEAL BY TRIAL CLERK** | Appellate Case Number<br><br>_____ |
| --- | --- | --- |

| TO: THE CLERK OF<br>THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL: 12/17/04 |
| --- | --- |

APPELLANT

*Delano Smith*

v.  STATE OF ALABAMA

---

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of _____ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this _1st_ day of _February, 2005._

_Melissa Rittenour_
Circuit Clerk