APPELLATE COURT CASE NO. CR-04-0575

# THE ALABAMA COURT OF CRIMINAL APPEALS

DELANO SMITH,
APPELLANT,

vs.

STATE OF ALABAMA,
APPELLEE.

---

APPEAL FROM THE DENIAL OF A RULE 32 PETITION FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY CIRCUIT COURT CASE NO. CC 03-464

---

BRIEF AND ARGUMENT BY APPELLANT

---

ADDRESS OF COUNSEL:

DELANO SMITH (PRO SE)

100 · WARRIOR LANE

BESSEMER, ALABAMA 35023



EXHIBIT C

## STATEMENT REGARDING ORAL ARGUMENT

No oral argument is requested.

## TABLE OF CONTENTS

1. Statement Regarding Oral Argument . . . i
2. Table of Contents . . . . . . . . i
3. Table of Authorities . . . . . . . ii
4. Statement of the Case . . . . . . iii
5. Statement of the Issues . . . . . 1
6. Statement of the Facts . . . . . . 1
7. Statement of the Standard Of Review . . . . . . . . 2
8. Summary of the Argument . . . . 2
9. Argument . . . . . . . . . 3
10. Conclusion . . . . . . . . 7
11. Certificate of Service . . . . . 7

# TABLE OF AUTHORITIES

Name                                                                                  Page

1. Anders v. Calif (Citations Omitted) . . . . 2, 6
2. Bennett v. State, 649 So. 2d. 214 . . . . 2, 3
3. Davis v. State, 500 So. 2d. 472 . . . . 4
4. Ex Parte Boatwright, 471 So. 2d. 1257 . . . 4, 6
5. Harris v. Housewright, 975 F.2d. 1207 . . . 2, 5
6. Harris v. Wood, 64 F.3d. 1432 . . . . 2, 5
7. Mask v. McGinnis, 233 F.3d. 132 . . . . 5
8. Purdy v U.S., 208 F.3d. 4 . . . . . 3
9. Strickland v Washington, 80 L.Ed.2d 674 . . . 2, 5

## STATEMENT OF THE CASE

This appeal stems from the denial of a rule 32 petition filed by Delano Smith, the petitioner herein, who was challenging the sufficiency of his guilty plea to the crime of capital murder. In exchange for his plea of guilty Smith was sentenced to a prison term of life without parole. The problem with the plea was that Smith did not commit the crime. In fact he was in New York city when the crime took place.

At the time of his guilty plea Smith was represented by the Honorable Esquire Joe M. Reed. Mr. Reed told him that if he didn't plead guilty he would never be able to prove his innocence because the evidence against him was too overwhelming. But that was not true. The evidence that was out there from the outset of the case was that three people had committed this crime. They were, ① Willie Gardner, ② Taurus Hall, and ③ Anthony Fuller. There was never any mentioning of Delano Smith until someone lied on him. See Petitioner's Exhibit #1 in the transcript on appeal.

Also Mr. Reed, who was court appointed, took $4,800.00 from Smith's parents to represent him at trial. This acceptance of funds along with the State paying him was illegal. And not only did Mr. Reed sabotage his chance at a jury trial, he also erroneously withdrew from his appeal without filing an "Anders" brief. All in all, for these numerous errors, this appeal should be granted.

iii

## STATEMENT OF THE ISSUES

1. WHETHER THE TRIAL COURT ERRED WHEN IT DENIED DELANO SMITH'S PETITION ON THE ISSUE THAT HIS TRIAL COUNSEL WAS INEFFECTIVE FOR COERCING HIM INTO PLEADING GUILTY WHEN HE WAS IN FACT INNOCENT?

2. WHETHER SMITH'S ARREST WAS SUPPORTED BY PROBABLE CAUSE?

3. WHETHER SMITH'S CLAIMS THAT HIS TRIAL COUNSEL WAS INEFFECTIVE WAS MERITORIOUS ON ITS FACE?

4. WHETHER IT WAS PROPER FOR THE TRIAL COURT TO ALLOW HIS APPELLATE COUNSEL TO WITHDRAW WITHOUT FILING AN ANDERS BRIEF FIRST?

## STATEMENT OF THE FACTS

Smith's conviction was obtained through a use of a coerced confession. And his trial counsel presented a conflict of interest by being court appointed and still charging Smith's parents $4,800.00 on the side. His trial counsel also failed him by not investigating his alibi defense. Also his counsel violated his Sixth Amendment right to seek redress on appeal from this guilty plea when he failed to file an "Anders" brief before withdrawing from the appeal.

1.

## STATEMENT OF THE STANDARD OF REVIEW

The Appellate Court can review the sufficiency of the guilty plea de novo.

## SUMMARY OF THE ARGUMENT

A criminal defendant can raise a "Boykin" challenge to the sufficiency of his guilty plea in a timely filed Rule 32. Bennett v. State, 649 So. 2d. 214 (Ala. 1994). And when his counsel accepts money from his family while being court appointed is clearly illegal and presents a conflict of interest. Harris v. Housewright, 975 F.2d. 1207 (6TH Cir. 1992). The fact that his trial counsel failed to investigate his alibi defense and to prepare the case for trial. Harris By And Through Ramseyer v. Wood, 64 F.3d. 1432 (9TH Cir. 1995). Strickland v. Washington, 80 L.Ed. 2d. 674 (1984). And the failure to file a no merit brief precludes his privilege to withdraw. Anders v. California, Citations Omitted.

2.

# ARGUMENT

(1) WHETHER THE TRIAL COURT ERRED WHEN IT DENIED DELANO SMITH'S PETITION ON THE ISSUE THAT HIS TRIAL COUNSEL WAS INEFFECTIVE FOR COERCING HIM INTO PLEADING GUILTY? ANSWER: YES.

It is never proper for a trial counsel to convince an unwilling defendant to plead guilty. Especially in this case where Smith maintained he was innocent. See Purdy v. U.S., 208 F.3d. 4. In the State of Alabama it is called a "Boykin" challenge when a criminal defendant claims that he has been coerced into pleading guilty. See Bennett v. State, 649 So. 2d. 214 (Ala. 1994). Smith claimed in his rule 32 petition that his trial counsel, Mr. Joe M. Reed, illegally coerced him into pleading guilty for a prison term of life without parole for the crime of capital murder when he had at all times maintained that he was innocent.

In "Purdy" the court stated that a lawyer should always correctly inform a defendant of the strengths and weaknesses of the case against him, but that the ultimate decision whether to plead guilty must be made by the defendant himself. Smith presented prima facie evidence showing that Mr. Reed was pressuring him. And that he was also telling his parents that he should plead guilty. And went on to talk his parents out of $4,800.00 when he was court appointed.

3.

when a claim alleged inside a petition is meritorious on its face a reviewing court should not hesitate in setting it down for an evidentiary hearing. See Ex Parte Boatwright, 471 So.2d.1257(Ala.1985). For Smith has met his burden of setting forth the prima facie effect. That if indeed his trial counsel coerced him into pleading guilty then his guilty plea can be withdrawn.

(2.) WHETHER SMITH'S ARREST WAS SUPPORTED BY PROBABLE CAUSE? ANSWER: NO.

In order for an arrest warrant to be valid sufficient evidence must be presented before the magistrate/judge who will issue the warrant to satisfy probable cause. In Smith's case there was no physical/tangible evidence presented before the issuing magistrate to satisfy such principles of arrest. See Davis v. State, 500 So.2d.472 (Ala. Cr. App. 1986). The warrant upon which Smith was arrested did not have the required statement in affidavit form that the officer seeking the warrant had received reliable information from anyone saying that Delano Smith committed this crime.

And surely Willie Gardner could not be a reliable informant for the authorities for he was a participant in the crime. So the question of what caused Smith to be a suspect was never presented to the issuing magistrate and thus all evidence seized pursuant to this illegal arrest

4.

would be inadmissible against him in a court of law.

(3) WHETHER SMITH'S CLAIMS THAT HIS TRIAL COUNSEL WAS INEFFECTIVE WAS MERITORIOUS ON ITS FACE? ANSWER: YES.

All that a criminal defendant has to do when making out a claim against his trial counsel for being ineffective is to set out a prima facie showing. See Mask v. McGinnis, 233 F.3d 132 (2nd Cir. 2000). Furthermore it says that all that a defendant has to do is to demonstrate a reasonable probability. And Smith did that. He set out that Mr. Reed failed to check out his alibi defense that he was in New York City at the time this crime was committed. And such failure, if Mr. Reed made it, was most definitely an ineffective violation subject to reversal. See Ramseyer v. Wood, 64 F.3d 1432 (9th Cir. 1995). And even though this was a guilty plea case the parameters of Strickland v. Washington, 80 L.Ed.2d 674 (1984) still apply. And in "Strickland", at 688, it says that the Sixth Amendment imposes on counsel a duty to investigate.

So Smith told him about his alibi and he did not follow it up. Plus he made the cardinal sin of charging Smith's family $4,800.00 on the side while being court appointed. This posed a conflict of interest. See Harris v. Housewright, 975 F.2d 1207 (6th Cir. 1992).

5.

Again Smith's claims are meritorious on their face. See "Boatwright" again. And this appeal must be granted because the trial court erred in summarily denying his rule 32.

(4.) WHETHER IT WAS PROPER FOR THE TRIAL COURT TO ALLOW HIS APPELLATE COUNSEL TO WITHDRAW WITHOUT FILING AN ANDERS BRIEF? ANSWER: NO.

At the conclusion of his guilty plea hearing Smith informed the trial court that he wanted to appeal his guilty plea. At that time the trial judge appointed Mr. Reed to continue to represent him on that appeal. Whether the trial judge knew that Mr. Reed had already gotten paid twice for previous representation at the guilty plea stage Smith does not know. But what he does know is that Mr. Reed withdrew from handling his appeal without filing the required Anders v. California (citations omitted) brief. Smith is under the belief that the trial judge knew this was error, because any competent judge would have known to ask the attorney seeking to withdraw to file a no merit brief. Did the judge know about the $4,800.00 Mr. Reed got from Smith's parents he cannot safely say. But Smith has the receipt. His parents also have a copy. But here an "Anders" brief should have been filed.

6.

## CONCLUSION

Wherefore, premises considered, Appellant prays that this appeal will be granted.

Dated: March 28, 2005

Respectfully Submitted,

Delano Smith

100 Warrior Lane

Bessemer, Ala. 35023

## CERTIFICATE OF SERVICE

I, Delano Smith, the Appellant herein do hereby certify that I have forwarded a true and correct copy of this brief on the Appellees by placing it in the U.S. mail on this the 28TH day of March, 2005.

Signed,

X Delano Smith

7.