CR-04-0575

## In the COURT of CRIMINAL APPEALS of ALABAMA

———————————— ◆ ————————————

DELANO SMITH,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

———————————— ◆ ————————————

On Appeal From the Circuit Court
of Montgomery County (CC-03-464.60)

## BRIEF OF APPELLEE

Troy King
*Attorney General*

J. Thomas Leverette
*Assistant Attorney General*

Jean-Paul M. Chappell
*Assistant Attorney General*
Counsel of Record *

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7401, 242-7300*

April 26, 2005



## STATEMENT CONCERNING ORAL ARGUMENT

Oral argument is not appropriate in the instant case because the facts and legal arguments are clearly set forth in the State's brief, and this Court will not be aided by oral presentation. The State, therefore, does *not* request oral argument.

## TABLE OF CONTENTS

STATEMENT CONCERNING ORAL ARGUMENT........................ i

TABLE OF CONTENTS...................................... ii

TABLE OF AUTHORITIES.................................. iii

STATEMENT OF THE CASE AND FACTS.......................... 1

ISSUES PRESENTED FOR REVIEW.............................. 5

STANDARD OF REVIEW...................................... 6

SUMMARY OF THE ARGUMENT................................. 7

ARGUMENT................................................ 9

   I.   Smith's Allegations That His Trial Counsel Was
   Ineffective For Coercing Him Into Pleading Guilty And
   Not Investigating His Alibi Defense Are Without Merit
   Because They Are Mere Conclusory Allegations Without
   Any Factual Support. .................................. 9

   II.  Smith's Claim That His Arrest Warrant Was Not
   Supported By Probable Cause Is Precluded From
   Review Because It Could Have Been Raised At Trial
   And On Appeal, But Was Not. .......................... 12

   III.  To The Extent That Smith Is Arguing That His
   Counsel Was Ineffective For Failing To Appeal His
   Conviction, Smith Failed To Establish That He Was
   Prejudiced By This Failure. .......................... 13

CONCLUSION............................................. 16

CERTIFICATE OF SERVICE................................. 17

## TABLE OF AUTHORITIES

**Cases**

Anders v. California, 366 U.S. 738 (1967)............... 13

Arrington v. State, 716 So. 2d 237 (Ala. Crim.
  App. 1997)........................................... 11

Bracknell v. State, 883 So. 2d 724 (Ala. Crim.
  App. 2001)........................................... 9

Cantu v. State, 666 So. 2d 1026 (Ala. 1994)............ 13

Ex parte Ingram, 675 So. 2d 863 (Ala. 1996)........... 14

Sumlin v. State, 710 So. 2d 941 (Ala. Crim.
  App. 1998)........................................... 12

Thompson v. State, 680 So. 2d 1014 (Ala. Crim.
  App. 1996)........................................... 14

Whitehead v. State, 593 So. 2d 126 (Ala. Crim.
  App. 1991)........................................... 11

**Rules**

Alabama Rules of Criminal Procedure,

  Rule 32.3 ........................................... 9

  Rule 32.6(b) ........................................ 10

  Rules 32.2(a)(3) and (a)(5) ......................... 12

## STATEMENT OF THE CASE AND FACTS

Delano Smith is appealing the denial of his Rule 32 post-conviction petition from the Montgomery County Circuit Court. He raises four issues on appeal: 1) The trial court erred in denying his petition because his trial counsel was ineffective as he coerced him into pleading guilty (Smith's brief at 3-4); 2) the arrest warrant was not supported by probable cause (Smith's brief at 4-5); 3) trial counsel was ineffective because he failed to investigate his alibi defense (Smith's brief at 5-6); and, 4) it was improper for Smith's appellate attorney to withdraw without first filing an Anders brief. (Smith's brief at 6.)

Smith pleaded guilty to capital murder on September 16, 2003, and was sentenced to life without the possibility of parole[1]. (C. 5) He did not directly appeal his sentence (C. 6) Smith filed his post-conviction petition on October 21, 2004. (C. 11) Smith raised the following issues in his petition: 1) Trial counsel coerced him into pleading guilty by placing him under duress because counsel told him that he would lose the case if it went to trial, and he

---

[1] The facts surrounding the capital murder can be found in the supplemental record on appeal of Smith's co-defendant Willie Gardner, which is currently on appeal. See Gardner v. State, CR-04-0476.

would be executed  (C. 13-14); 2) there was not sufficient
probable cause to issue the arrest warrant (C. 14); 3)
trial counsel was ineffective because he charged his family
$4,700 in addition to what the State paid him (C. 15); 4)
trial counsel was ineffective because counsel coerced him
into pleading guilty (C. 15); 5) trial counsel failed to
investigate his alibi defense (C. 15); 6) trial counsel
"sabotaged his right to a trial by his peers" (C. 15); 7)
counsel was ineffective for withdrawing from the appeal
without first filing an Anders brief (C. 15); and, 8)
Smith's failure to appeal was through no fault of his own
because he informed the court that he wished to appeal, but
on appeal his counsel "withdrew from [the] appeal.  But
[counsel] failed to file the required Anders brief to
support his motion to withdraw.  And the trial court failed
to notify Smith and tell him that he could save his right
to appeal by challenging his counsel's allegations that
were alleged in the Anders brief."  (C. 15-16)

The State filed a response on November 16, 2004, and
argued that Smith failed to support his claims with
specific facts and failed to meet his burden required under
Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal

Procedure. (C. 17-18) The State also argued that Smith
failed to provide specific facts to support his ineffective
assistance of counsel claims and did not meet the burden of
demonstrating ineffective assistance of counsel under
Strickland v. Washington, 466 U.S. 668 (1984). (C. 17-18)
Montgomery County Circuit Court Judge Truman M. Hobbs, Jr.
denied the petition on November 17, 2004. The judge
stated:

1. Petitioner's allegation that his counsel, Joe
   Reed, Jr., was ineffective is without merit.
   Petitioner alleges that he was pressured into
   pleading guilty and that he was actually
   innocent of the charges brought against him.
   Petitioner also lists several other invalid
   reasons why he believes his counsel was
   ineffective. Petitioner plead[ed] guilty to
   Capital Murder, Attempted Murder, and Robbery I
   on September 15, 2003. This Court went to
   great lengths to ensure that Petitioner was
   fully informed of his rights and that he
   knowingly and voluntarily entered a plea of
   guilty in this case. Petitioner was
   subsequently found guilty of the aforementioned
   charges on September 22, 2003, by a jury. The
   evidence in the case was overwhelming of the
   guilt of Petitioner. He was captured on video
   shooting his victim while the victim apparently
   pleaded for his life. In addition, Petitioner
   fails to mention that his lead attorney was
   Tommy Goggans, perhaps the most experienced
   capital murder defense attorney in the state.
   Petitioner's counsel represented him in a
   professional and exceptional manner.
   Petitioner has failed to prove beyond a
   preponderance of the evidence the facts
   necessary to entitle him to relief. Petitioner

3

has also failed to make a clear and specific statement of grounds upon which relief is sought, including a full disclosure of the factual basis of those grounds.  Therefore this claim is denied in accordance with [R]ules 32.3 and 32.6 of the Ala. R. Crim. P.

2. Petitioner's allegation that his arrest was not supported by probabl[e] cause is without merit. Petitioner has failed to prove beyond a preponderance of the evidence the facts necessary to entitle him to relief.  The issue could have been[,] but was not[,] raised or addressed at trial or on appeal.  Petitioner has also failed to make a clear and specific statement of grounds upon which relief is sought, including a full disclosure of the factual basis of those grounds.  Therefore this claim is denied in accordance with [R]ules 32.2, 32.3[,] and 32.6 of the Ala. R. Crim. P.

3. All other allegations that have been presented by Petitioner are without merit and are hereby dismissed.

(C. 19-21)

Smith filed a motion for reconsideration on November 24, 2004, which was denied on November 29, 2004.  (C. 22-24)  Smith filed a timely notice of appeal on December 17, 2004.  (C. 25)

4

## ISSUES PRESENTED FOR REVIEW

1. Are Smith's allegations that his trial counsel was ineffective for coercing him into pleading guilty and not investigating his alibi defense without merit because they are mere conclusory allegations without any factual support?

2. Is Smith's claim that his arrest warrant was not supported by probable cause precluded from review because it could have been raised at trial and on appeal, but was not?

3. To the extent that Smith is arguing that his counsel was ineffective for failing to appeal his conviction, has Smith failed to establish that he was prejudiced by this failure?

5

## STANDARD OF REVIEW

The standard of review to determine whether the trial court properly denied a post-conviction petition is whether the court abused its discretion.  See Grady v. State, 831 So. 646, 648 (Ala. Crim. App. 2001).  "If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition."  Id.  (internal citations and quotations omitted).  "A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based his decision."  State v. Reynolds, 819 So. 2d 72, 79 (Ala. Crim. App. 1999).

## SUMMARY OF THE ARGUMENT

Smith raises four issues on appeal: 1) His trial counsel was ineffective because counsel coerced him into pleading guilty (Smith's brief at 3-4); 2) there was not sufficient probable cause to issue his arrest warrant (Smith's brief at 4-5); 3) counsel was ineffective for failing to investigate his alibi defense (Smith's brief at 5); and, 4) the trial court erred by allowing counsel to withdraw on appeal without filing an Anders brief. (Smith's brief at 6.)

Concerning issues one and three, Smith failed to meet his burden of proof that his counsel was ineffective. The trial court determined that Smith voluntarily pleaded guilty, and the evidence of Smith's involvement in the capital murder was overwhelming. Issue two was precluded from review because it could have been raised at trial and on appeal, but was not. Issue four is also without merit. First, there is no evidence in the record that Smith properly appealed his conviction; therefore, Smith's attorney was under no obligation to file an Anders brief. Second, to the extent that Smith argues that his counsel's ineffectiveness precluded him from appealing his

7

conviction, Smith cannot demonstrate that he was prejudiced. The issues raised by Smith, concerning his counsel's ineffectiveness and the voluntariness, can be raised for the first time in a Rule 32 petition. Therefore, Smith was not prejudiced by his failure to appeal. Smith's other issue, concerning the validity of the arrest warrant, is a non-jurisdictional issue, which was waived by his entry of the guilty plea. Therefore, even if Smith had raised this issue on appeal, it would not have been reviewed by this Court. Therefore, Smith would not have been prejudiced by his counsel's failure to raise this issue on appeal. Consequently, Smith cannot demonstrate that he was prejudiced by his counsel's alleged failure to properly appeal his conviction.

**ARGUMENT**

I.    **Smith's Allegations That His Trial Counsel Was
Ineffective For Coercing Him Into Pleading Guilty And
Not Investigating His Alibi Defense Are Without Merit
Because They Are Mere Conclusory Allegations Without
Any Factual Support.**

Smith argues on appeal that his trial counsel was
ineffective because counsel coerced him into pleading
guilty and failed to investigate his alibi defense (Smith's
brief at 3-4, 5-6.)  Smith's allegations of ineffective
assistance of counsel are without merit because they are
mere conclusory allegations without factual support.

Smith "has the burden of showing ... that his counsel's
performance was deficient and ... that the deficient
performance actually prejudiced the defense.  To prove
prejudice, '[t]he defendant must show that there is a
reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would
have been different.'"  Bracknell v. State, 883 So. 2d 724,
727 (Ala. Crim. App. 2001) (quoting Strickland v.
Washington, 466 U.S. 668, 694 (1984).  Under Rule 32.3 of
the Alabama Rules of Criminal Procedure, Smith has "the
burden of pleading and proving by a preponderance of the
evidence the facts necessary to entitle the petitioner to

9

relief." Rule 32.6(b) of the Alabama Rules of Criminal Procedure also requires that Smith's "petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Smith failed to meet this requirement.

Smith makes a bare allegation that he was coerced into pleading guilty because his counsel placed him under duress by telling him that if he went to trial he would be found guilty and executed. (Smith's brief at 3-4.) The trial court, however determined that Smith's allegation was without merit because, during the colloquy, Judge Hobbs ensured that Smith's plea was knowingly and voluntarily entered. (C. 20) The judge also determined that the evidence against Smith was overwhelming (C. 20); therefore, it is likely that counsel properly informed him that it was likely that Smith would have been found guilty, and there was a possibility that Smith would be executed. Smith has not met his burden under Strickland or Rules 32.3 and

32.6(b) that his counsel was ineffective for coercing him into pleading guilty.

Similarly, Smith failed to meet his burden that his counsel was ineffective for failing to investigate his alibi defense. In his petition, Smith merely made a conclusory allegation without explaining his alleged alibi defense. On appeal, it should be noted that Smith is much more specific about his alibi defense that he was in New York City at the time of the crime (Smith's brief at 5); however, this Court has ruled that matters not raised in the trial court cannot be introduced for the first on appeal from the denial of the Rule 32 petition. See Arrington v. State, 716 So. 2d 237, 239 (Ala. Crim. App. 1997); Whitehead v. State, 593 So. 2d 126, 130 (Ala. Crim. App. 1991). Smith pleaded guilty, a jury subsequently found him guilty, and the evidence was overwhelming, including a videotape showing Smith shooting the victim. (C. 20) Based on these circumstances, Smith has failed to establish that his counsel was ineffective for allegedly failing to investigate his alibi defense. Smith failed to meet, as required under Strickland and Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure.

11

II.  **Smith's Claim That His Arrest Warrant Was Not Supported By Probable Cause Is Precluded From Review Because It Could Have Been Raised At Trial And On Appeal, But Was Not.**

Smith also argues on appeal that his arrest warrant was not supported by probable cause.  (Smith's brief at 4-5.) This issue is a non-jurisdictional matter that is precluded from review.  See Sumlin v. State, 710 So. 2d 941, 942 (Ala. Crim. App. 1998).  Therefore, the issue was precluded from review under Rules 32.2(a)(3) and (a)(5) of the Alabama Rules of Criminal Procedure because Smith failed to raise the issue at trial or on appeal.  See id.

12

**III. To The Extent That Smith Is Arguing That His Counsel Was Ineffective For Failing To Appeal His Conviction, Smith Failed To Establish That He Was Prejudiced By This Failure.**

Smith's final argument on appeal is that the trial court erred because Smith's attorney on appeal was allowed to withdraw from representation without filing an Anders brief, pursuant to Anders v. California, 366 U.S. 738 (1967). (Smith's brief at 6.) This argument is without merit because there is no evidence in the record that Smith properly appealed his guilty plea conviction; therefore, Smith's attorney would have been under no obligation to file an Anders brief. Second, to the extent that Smith argues that he wished to appeal his conviction, but did not because his counsel withdrew, Smith cannot prove that he was prejudiced by his counsel's conduct.

Many of Smith's issues in his Rule 32 petition concern ineffective assistance of counsel and the voluntariness of his guilty plea. (C. 13-14, 15-16) These issues can be raised for the first time in a timely filed Rule 32 petition without fear of preclusion. See Cantu v. State, 666 So. 2d 1026, 1029 (Ala. 1994) ("[A] defendant [is] not be precluded from raising, in a timely filed post-conviction proceeding, the question of the voluntariness of

13

the guilty plea."); <u>Ex parte Ingram</u>, 675 So. 2d 863, 866

(Ala. 1996) (holding that a defendant may raise ineffective

assistance of counsel for the first time in a timely filed

post-conviction petition).   Therefore, these issues, which

were raised by Smith in his petition, were not precluded

from review, and were addressed by the trial court.

Therefore, Smith cannot demonstrate that he was prejudiced

by his counsel's failure to properly appeal his conviction.

The other issue raised by Smith in his petition was

that his arrest warrant was not supported by probable

cause.  (C. 14)   This issue is non-jurisdictional.   <u>See</u>

<u>Sumlin</u>, 710 So. 2d at 942.   "A guilty plea waives all non[-

]jurisdictional defects occurring before the entry of the

plea."   <u>Thompson v. State</u>, 680 So. 2d 1014, 1015 (Ala.

Crim. App. 1996).   Consequently, this issue would have been

precluded from review on appeal because Smith waived the

issue by pleading guilty.   Even if his counsel, assuming

<i>arguendo</i>, that he did not properly appeal Smith's

conviction, this issue would not have been addressed by

this Court.   Smith, therefore, cannot demonstrate under

<u>Strickland</u>, that he was prejudiced by his counsel's alleged

failure to properly appeal his conviction.

14

Although Judge Hobbs did not specifically cite all of the reasons above for denying Smith's petition, his decision was nevertheless correct and should be affirmed. If the trial court's denial of a post-conviction petition is correct for any reason, this Court must affirm the decision.  See Sumlin, 710 So. 2d at 943.

**CONCLUSION**

For the reasons cited in this brief, this Court should affirm the trial court's denial of Smith's post-conviction petition.

Respectfully submitted,

Troy King
*Attorney General*

J. Thomas Leverette
*Assistant Attorney General*

Jean-Paul M. Chappell
*Assistant Attorney General*

16

## CERTIFICATE OF SERVICE

I hereby certify on this 26th day of April, 2005, I have served a copy of the foregoing on Smith, by placing said copy in the United States mail, first class, postage prepaid, and addressed as follows:

> Delano Smith
> AIS 231612
> 100 Warrior Lane
> Bessemer, AL  35023

Jean-Paul M. Chappell
Assistant Attorney General
CHA073

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7300

199482/75384-001