

Chappell 75384

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

**P. O. Box 301555**

**Montgomery, AL 36130-1555**

**RELEASED**

AUG 1 2 2005

CLERK
ALA COURT CRIMINAL APPEALS

**H.W."BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

Lane W. Mann
**Clerk**
Sonja McKnight
**Assistant Clerk**
**(334) 242-4590**
Fax (334) 242-4689

## MEMORANDUM

CR-04-0575                  Montgomery Circuit Court CC-03-464.60

### Delano Smith v. State of Alabama

SHAW, Judge.

Delano Smith appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his September 15, 2003, guilty-plea conviction for capital murder and his resulting sentence of life imprisonment without the possibility of parole. Smith did not appeal.

Smith filed the present petition on October 21, 2004, raising numerous claims, including ineffective assistance of trial counsel. After receiving a response from the State, the circuit court summarily denied the petition in a written order on November 17, 2004.



EXHIBIT
E

I.

Smith contends that his trial counsel coerced him into pleading guilty to a crime he says he did not commit, thereby rendering his plea involuntary. Specifically, he argues that his counsel informed him that the evidence against him was overwhelming and that if he went to trial he would most likely be convicted and possibly sentenced to death. According to Smith, had it not been for counsel's "pressuring" him, he would not have pleaded guilty. (Smith's brief at p. 3.) This argument is meritless.

It is well settled that "a misrepresentation by a defendant's counsel, if material, may render a guilty plea involuntary." Ex parte Blackmon, 734 So. 2d 995, 997 (Ala. 1999). However, the allegations in Smith's petition indicate no misrepresentation by trial counsel. Smith was indicted for capital murder; if convicted, Smith could have been sentenced to death. In addition, in its order denying Smith's petition, the trial court noted the following:

> "The evidence in the case was overwhelming of the guilt of petitioner. He was captured on video shooting his victim while the victim apparently pleaded for his life."

(C. 20.) It is clear that counsel's information was an accurate statement of the law and facts of the case and did not constitute coercion. See, e.g., Holt v. State, 650 So. 2d 530 (Ala. Crim. App. 1994) (counsel's telling defendants that they could receive over 100 years in prison if convicted did not constitute coercion where defendants, in fact, could have received over 100 years in prison if they were convicted on all counts). Therefore, the circuit court properly denied this claim.

II.

Smith contends that his arrest was illegal because, he says, it was not supported by probable cause. As the circuit court correctly found, this claim is barred by Rule 32.2(a)(3) and (5), Ala.R.Crim.P., because it could have been, but was not, raised and addressed at trial and on appeal.

2

III.

In his petition, Smith made the following allegations of ineffective assistance of trial counsel:

> "Smith's trial counsel was ineffective at and before the guilty plea hearing. Mr. Reed showed on numerous occasions that he was not functioning as Smith's advocate:
>
> > "a. Mr. Reed charged his family $4,700.00 on the side of what the State paid him. (A conflict of interest).
> >
> > "b. Mr. Reed coerced him into pleading guilty when it was expressed over and over to him that he was innocent.
> >
> > "c. Mr. Reed never investigated his alibi defense.
> >
> > "d. Mr. Reed sabotaged his right to a trial by his peers.
> >
> > "e. Mr. Reed was ineffective for withdrawing from his appeal without filing an 'Anders' [v. California, 386 U.S. 738 (1967),] brief."

(C. 15.)[1]

Initially, we note that Smith does not argue on appeal (b) and (d), as quoted above. Therefore, those allegations are deemed to be abandoned and will not be addressed. See, e.g., Brownlee v. State, 666 So. 2d 91, 93 (Ala. Crim. App. 1995) ("We will not review issues not listed and argued in brief.").

---

[1] Although Smith directed his allegations of ineffective assistance of counsel solely at Joe Reed, in its order denying Smith's petition, the circuit court noted that Smith was represented by two attorneys, Joe Reed and Tommy Goggans.

As for (a), (c), and (e), as quoted above, those allegations fail to satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P.   Rule 32.3, Ala.R.Crim.P., states that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief."   Rule 32.6(b), Ala.R.Crim.P., states that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."   Smith's allegations are single-sentence conclusions unsupported by any specific facts and, thus, are insufficient to satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P.  Therefore, summary denial of these allegations of ineffective assistance of counsel was proper.

IV.

Finally, Smith raised the following claim in his petition:

"The failure of Smith to appeal his conviction was thru [sic] no fault of his own.

"After he was sentenced he notified the court that he wished to appeal.  The court continued to allow Mr. Reed to represent him on appeal.  For some odd reason Mr. Reed withdrew from Smith's appeal.  But he failed to file the required <u>Anders [v. California</u>, 386 U.S. 738 (1967),] brief to support his motion to withdraw.  And the trial court failed to notify Smith and tell him that he could save his right to appeal by challenging his counsel's allegations that were alleged in the <u>Anders</u> brief."

(C. 15-16.)

It is unclear exactly what Smith is arguing in this regard.  We have searched our own records and can find no indication that a notice of appeal was ever filed in Smith's case.  The procedure outlined in <u>Anders v. California</u>, 386

4

U.S. 738 (1967), applies only upon the filing of an appeal. Thus, to the extent that this claim is a challenge to the trial court's allowing appellate counsel to withdraw from the appeal before filing a brief pursuant to the procedure in Anders, it is meritless on its face.

To the extent that this claim could be considered to be a claim under Rule 32.1(f), Ala.R.Crim.P., that Smith failed to appeal through no fault of his own, it is not pleaded with sufficient specificity to satisfy the requirements in Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P. In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the United States Supreme Court stated:

> "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. See Rodriquez v. United States, 395 U.S. 327 (1969); cf. Pequero v. United States, 526 U.S. 23, 28 (1999) ('[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit'). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes. At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently. See Jones v. Barnes, 463 U.S. 745, 751 (1983) (accused has ultimate authority to make fundamental decision whether to take an appeal). ...

> "....

> "In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a

notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term 'consult' to convey a specific meaning -- advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. See supra, at 477 and this page. If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance. That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?

".... We cannot say, as a constitutional matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient. Such a holding would be inconsistent with both our decision in Strickland[ Washington, 466 U.S. 668 (1984),] and common sense. See id., at 689 (rejecting mechanistic rules governing what counsel must do).... We therefore reject a bright-line rule that counsel must always consult with the defendant regarding an appeal.

"We instead hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should

have known.    See id., at 690 (focusing on the
totality of the circumstances).

        "....

        "The second part of the Strickland test requires
the defendant to show prejudice from counsel's
deficient performance.

        "....

        ".... If the defendant cannot demonstrate that,
but for counsel's deficient performance, he would
have appealed, counsel's deficient performance has
not deprived him of anything, and he is not entitled
to relief.    Cf. Peguero v. United States, 526 U.S.
23 (1999) (defendant not prejudiced by court's
failure to advise him of his appeal rights, where he
had full knowledge of his right to appeal and chose
not to do so).    Accordingly, we hold that, to show
prejudice in these circumstances, a defendant must
demonstrate that there is a reasonable probability
that, but for counsel's deficient failure to consult
with him about an appeal, he would have timely
appealed."

528 U.S. at 477-84.    Although Smith alleged in his petition
that he informed the court at sentencing that he wanted to
appeal, no where did Smith allege that he requested his
counsel to perfect an appeal or otherwise indicated to his
counsel an interest in appealing or that his counsel had an
opportunity to consult with him about an appeal after he was
convicted and sentenced, and that his counsel refused to file
an appeal.    Likewise, Smith failed to allege that, but for
counsel's actions, he would have timely appealed; rather, he
appeared to allege only that his counsel should have filed an
Anders brief before withdrawing.    Therefore, Smith failed to
plead sufficient facts indicating that his failure to appeal
was, in fact, not his own fault or that his trial counsel was
ineffective for not pursuing an appeal.    Accordingly, summary
denial of this claim was proper.

        Based on the foregoing, the judgment of the circuit court
summarily denying Smith's Rule 32 petition is affirmed.

Affirmed by memorandum.

McMillan, P.J., and Cobb and Baschab, JJ., concur.  Wise,
J., concurs in the result.