IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DELANO SMITH, #231 612                    *

     Petitioner,                          *

     v.                                   *    2:06-CV-156-WHA
                                       (WO)

KENNETH JONES, WARDEN, *et al*.,        *

     Respondents.                         *

_____

**O R D E R**

      This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Delano Smith ["Smith"], on February 15, 2006. In this petition, Smith challenges his conviction, pursuant to his plea of guilty, for capital murder, entered against him by the Circuit Court for Montgomery County, Alabama, on September 11, 2003. On September 22, 2003 the trial court entered judgment on the conviction in accordance with the verdict of the jury and sentenced Smith to life imprisonment without the possibility of parole. Smith did not appeal his conviction and sentence. By operation of law, Smith's conviction became final on November 3, 2003.

      Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because

_____

[1]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Smith's conviction became final in 2003- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents acknowledge that Smith filed a Rule 32 petition with the trial court on October 21, 2004. They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Smith filing the present federal habeas petition. (Doc. No. 4 at pgs. 12-14.); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333- 1335. n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Smith's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Smith was convicted of capital murder in the Circuit Court for Montgomery County, Alabama. The trial court entered judgment and sentenced Smith to life without the possibility of parole for this crime on September 22, 2003. Smith did not file a direct appeal of his conviction or sentence. Since Smith failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his convictions. By operation of law, Smith's conviction became final on November 3, 2003 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct

review expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.  The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  The court finds that the limitation period ran for 353 days or eleven months and 18 days after Smith's conviction became final until the filing of a Rule 32 petition in the Circuit Court for Montgomery County on October 21, 2004.  This petition remained pending in the state courts until December 9, 2005 when the Alabama Supreme Court entered a certificate of judgment on appeal from the trial court's denial of Smith's  Rule 32 petition.  Thus, as of the aforementioned date, Smith had 12 days of the applicable limitation period remaining within which to file a federal habeas petition.  The court, therefore, concludes that the time allowed Smith for the filing of a federal habeas petition expired on December 21, 2005.  Smith filed his federal habeas application on February 15, 2006, 56 days after the limitation period had expired.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Smith filing the instant § 2254 petition.  In light of the foregoing, it is

ORDERED that on or before April 6, 2006 Smith shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done, this 17th day of March, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE