IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DELANO SMITH, #231 612                 *

    Petitioner,                              *

    v.                                          *        2:06-CV-156-WHA
                                                         (WO)
KENNETH JONES, WARDEN, *et al*.,      *

    Respondents.                            *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, Delano Smith ["Smith"], filed the instant 28 U.S.C. § 2254 habeas corpus application on February 15, 2006. In this petition, Smith challenges the conviction for capital murder, pursuant to his guilty plea, entered against him by the Circuit Court for Montgomery County, Alabama, on September 11, 2003. On September 22, 2003 the trial court entered judgment in accordance with the verdict of the jury and sentenced Smith to life imprisonment without the possibility of parole. Smith did not appeal his guilty plea conviction and resulting sentence. (Doc. No. 4, Exh. A at 6, Exh. H.)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). Respondents contend that because Smith's conviction became final in November 2003 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction

becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Smith filed a Rule 32 petition with the trial court. They argue, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Smith's filing this federal habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

The court subsequently entered an order advising Smith that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). ( Doc. No. 5.) The order also gave Smith an opportunity to show cause why his petition should not be barred from review by this court. (*Id.*) Smith filed no response. Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## I. DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act ["AEDPA"] of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Smith entered a plea of guilty to capital murder in the Circuit Court for Montgomery County on September 11, 2003. The trial court entered judgment and sentenced Smith to life without the possibility of parole on September 22, 2003. Smith did not file a direct appeal of his conviction or sentence. Since Smith failed to follow the direct appeal process, he could not petition the United States Supreme Court for review of his conviction. By operation of law, Smith's conviction became final on November 3, 2003 -- forty-two days after imposition of sentence, as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore,

began to run on this date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 353 days or eleven months and 18 days after Smith's conviction became final until he filed a Rule 32 petition in the Circuit Court for Montgomery County on October 21, 2004. This petition remained pending in the state courts until December 9, 2005 when the Alabama Supreme Court entered a certificate of judgment on appeal from the trial court's denial of Smith's Rule 32 petition. Thus, as of the aforementioned date, Smith had 12 days of the applicable limitation period remaining, or until December 22, 2005, within which to file a timely federal habeas petition. Smith filed his habeas corpus petition with this court on February 15, 2006 - 55 days after the limitation period had expired.

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286

(11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*.

On March 17, 2006 the court granted Smith twenty-one days to show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period prescribed by 28 U.S.C. § 2244(d)(1). Smith filed no response. Consequently, the undersigned finds no basis upon which to extend the one-year deadline and that Smith has not demonstrated that his claims should otherwise be subject to equitable tolling. *See Sandvik*, 177 F.3d at 1271 (tolling is appropriate where "extraordinary circumstances that are both beyond [petitioner's] control and unavoidable even with diligence" exist).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Delano Smith be DENIED and DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before October 2, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 19th day of September, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE